Filed 2/27/26  P. v. Rogers CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SPENCER EARL ROGERS,<br><br>    Defendant and Appellant. | F088635<br><br>(Super. Ct. No. BF152669A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2015, a jury convicted defendant Spencer Earl Rogers on multiple offenses. In 2024, he was resentenced pursuant to Penal Code[1] section 1172.75. The court struck two prior prison term enhancements (§ 667.5, former subd. (b)) but did not otherwise alter defendant's sentence. The court declined to continue the matter to address issues relating to the application of Assembly Bill No. 333 (2021–2022 Reg. Sess.), statutes 2021, chapter 699 (Assembly Bill No. 333) to defendant's gang enhancements (§ 186.22, subd. (b)(1)), a gang special circumstance (§ 190.2, subd. (a)(22)), and his conviction for active participation in a criminal street gang (§ 186.22, subd. (a)).

On appeal, defendant argues: (1) Assembly Bill No. 333 applies retroactively to his gang enhancements, gang special circumstance, and active participation conviction and remand is required for the court to apply the amendments to section 186.22; (2) remand is required because the court failed to apply recent changes to section 1170, subdivision (b) at resentencing; (3) the court abused its discretion in failing to strike his firearm enhancements pursuant to section 1385; and (4) a $300 restitution fine must be vacated because it is no longer collectible. The People concede Assembly Bill No. 333 applies and remand is required on that basis.

We accept the People's concession, vacate the sentence, and remand for further resentencing proceedings, to include the trial court's consideration of the effect of Assembly Bill No. 333 on defendant's case.

**PROCEDURAL BACKGROUND[2]**

In 2015, a jury convicted defendant of the following offenses that occurred on or about March 2, 2013:

---

[1] Undesignated statutory references are to the Penal Code.

[2] We dispense with a statement of facts as the facts underlying the offenses are not relevant to disposition of the issues raised on appeal.

"*Count 1*:  First degree murder committed for the benefit of a criminal street gang, which was perpetrated by means of lying in wait and by means of discharging a firearm from a motor vehicle, and which was committed while defendant was an active participant in a criminal street gang and was carried out to further the activities of the gang, and in the commission of which defendant personally discharged a firearm, proximately causing great bodily injury or death.[3]  (. . . §§ 186.22, subd. (b)(1), 187, subd. (a), 189, 190.2, subd. (a)(15), (21) & (22), 12022.53, subd. (d).)

"*Count 2*:  Premeditated attempted murder committed for the benefit of a criminal street gang, in the commission of which defendant personally discharged a firearm and personally discharged a firearm, proximately causing great bodily injury or death. (§§ 186.22, subd. (b)(1), 187, subd. (a), 189, 664, 12022.53, subds. (c) & (d).)

"*Count 3*:  Felon in possession of a firearm committed for the benefit of a criminal street gang.  (§§ 186.22, subd. (b)(1), 29800, subd. (a)(1).)

"*Count 4*:  Misdemeanant in possession of a firearm committed for the benefit of a criminal street gang.  (§§ 186.22, subd. (b)(1), 29805.)

"*Count 5*:  Active participation in a criminal street gang, in the commission of which defendant used a firearm and personally inflicted great bodily injury upon two individuals.  (§§ 186.22, subd. (a), 12022.5, subd. (a), 12022.7, subd. (a).)

"*Count 13*:  Discharging a firearm at an occupied motor vehicle committed for the benefit of a criminal street gang, in the commission of which defendant used a firearm and personally discharged a firearm, proximately causing great bodily injury or death. (§§ 186.22, subd. (b)(1), 246, 12022.5, subd. (a), 12022.53, subd. (d).)

"The same jury convicted defendant of the following offenses that occurred on or about July 28, 2013:

---

**3** "Walter Goodson originally was jointly charged with defendant in counts 1, 2, 5, and 13.  He entered into a plea agreement prior to the evidentiary portion of trial, and is not a party to this appeal."

"*Count 6*:  Premeditated attempted murder committed for the benefit of a criminal street gang, in the commission of which defendant personally discharged a firearm and personally discharged a firearm, proximately causing great bodily injury or death, and in which he personally inflicted great bodily injury.  (§§ 186.22, subd. (b)(1), 187, subd. (a), 189, 664, 12022.53, subds. (c) & (d), 12022.7, subd. (a).)

"*Count 7*:  Premeditated attempted murder committed for the benefit of a criminal street gang, in the commission of which defendant personally discharged a firearm, proximately causing great bodily injury or death, and in which he personally inflicted great bodily injury.  (§§ 186.22, subd. (b)(1), 187, subd. (a), 189, 664, 12022.53, subd. (d), 12022.7, subd. (a).)

"*Count 8*:  Felon in possession of a firearm committed for the benefit of a criminal street gang.  (§§ 186.22, subd. (b)(1), 29800, subd. (a)(1).)

"*Count 9*:  Misdemeanant in possession of a firearm committed for the benefit of a criminal street gang.  (§§ 186.22, subd. (b)(1), 29805.)

"*Count 10*:  Assault with a semiautomatic firearm committed for the benefit of a criminal street gang, in the commission of which defendant used a firearm and personally inflicted great bodily injury.  (§§ 186.22, subd. (b)(1), 245, subd. (b), 12022.5, subd. (a), 12022.7, subd. (a).)

"*Count 11*:  Assault with a semiautomatic firearm committed for the benefit of a criminal street gang, in the commission of which defendant used a firearm and personally inflicted great bodily injury.  (§§ 186.22, subd. (b)(1), 245, subd. (b), 12022.5, subd. (a), 12022.7, subd. (a).)

"*Count 12*:  Active participation in a criminal street gang, in the commission of which defendant used a firearm and personally inflicted great bodily injury upon two individuals.  (§§ 186.22, subd. (a), 12022.5, subd. (a), 12022.7, subd. (a).)

"Following a bifurcated court trial, defendant was found to have served two prior prison terms.  (§ 667.5, [former] subd. (b).)  His motion for a new trial was denied, and

4.

he was sentenced to an unstayed term of life in prison without the possibility of parole plus multiple consecutive indeterminate terms." (*People v. Rogers* (July 26, 2018, F072319) [nonpub. opn.], fn. omitted (*Rogers*).) Additionally, he was sentenced to two, one-year terms for the prior prison term enhancements and ordered to pay restitution, as well as various fees, fines, and assessments. On appeal, we struck the lying-in-wait special circumstance associated with count 1 and affirmed the judgment as modified. (*Rogers*, *supra*, F072319.)

On November 21, 2023, the matter came on for resentencing pursuant to section 1172.75 but was continued after defense counsel declared a conflict of interest. On November 29, 2023, new counsel appeared and the matter was continued to allow counsel to prepare a sentencing memorandum. On January 24, 2024, the matter was continued over the People's objection to allow counsel additional time to obtain and review records. On April 1, 2024, defense counsel filed a motion to continue based on her having requested, but not received, prison records relevant to the sentencing memorandum. On April 8, 2024, the court granted the motion. On June 17, 2024, the matter again was continued due to defense counsel's lack of prison records. On September 5, 2024, defense counsel filed another motion to continue on two grounds: (1) the issue of retroactive application of Assembly Bill No. 333 to defendant's gang special circumstance, gang enhancements, and gang-related substantive offense was then pending before the California Supreme Court in *People v. Lopez*, S281488, and (2) defense counsel was attempting to put together a writ or motion under the California Racial Justice Act of 2020 (RJA) (§ 745).

The matter came on again for hearing on September 10, 2024. The People objected to the requested continuance, arguing the RJA claim did not provide good cause to continue resentencing. The People did not address Assembly Bill No. 333. Defendant argued he was entitled to prosecute his RJA claim and, in any event, the high court's pending resolution of Assembly Bill No. 333 issues provided good cause.

5.

The court declined to continue the matter as follows:

"Firstly, as it relates to [Assembly Bill No.] 333 and the bifurcation of gang allegations from substantive charges or a [section] 186.22[, subdivision (a)] as a substantive charge that is an appealable issue and one that the appellate court should address with the proper motion brought before them or proper brief brought before them. This court cannot unilaterally decide that sufficient or insufficient evidence was presented and also had a prejudicial impact on the overall verdict. And on that basis, the Court will deny the request to continue for that reason.

"Appellate courts, in this Court's experience when considering [Assembly Bill No.] 333 issues have fallen in a number of camps based on a review of the case specific facts. Sometimes the appellate courts reverse the conviction, the gang allegation convictions, and send it back for remittitur resentencing with that finding. Other courts for various reasons such as the strength of the gang evidence presented, co-mingled with the motives and issues presented generally in the trial will sometimes vacate the verdict, send it back on remittitur, and give the prosecuting agency an opportunity to re-try the gang allegations.

"Other times the appellate court has found harmless error or has affirmed the conviction based on the review of the evidence presented before a jury.

"In this particular case, the motion is suggesting that this court cannot sentence or should not sentence the defendant to the gang allegations for which he was convicted -- of which he was convicted because of a possible issue under [Assembly Bill No.] 333. Procedurally, this is an issue that's gonna have to be addressed with the appellate courts, and this trial court will take direction from the appellate courts if they resolve that particular issue.

"For that reason and on that basis, there is not good cause for that reason to delay the resentencing pursuant to Penal Code Section 1172.75."

The court also stated it would not continue the matter to allow defendant to pursue claims under the RJA. Although the court acknowledged defendant could bring an RJA petition, it declined to delay resentencing for that purpose. Rather, the court would go forward with resentencing pursuant to section 1172.75 and would address any possible RJA resentencing once raised.

Defense counsel then pointed out she had not completed her sentencing memorandum and suggested she would be deemed ineffective if sentencing proceeded without such filing. She therefore asked for a continuance on that basis. The court denied the request, noting that counsel had "enough time" to file a sentencing memorandum and her failure to do so suggested she found no reason to do so. The court then asked for defense counsel's comment on resentencing. Counsel stated she was not prepared to comment. The People argued defendant should be resentenced as he was before, with the exception of striking the prior prison term enhancements.

The court stated it had presided over the original trial and had reviewed the original probation report and an updated probation report. The court acknowledged defendant was entitled to the benefit of ameliorative changes in law that could reduce his sentence. The court considered circumstances in mitigation and circumstances in aggravation, and determined the circumstances in aggravation, along with his criminal history, supported imposing an upper term on any determinate terms. The court resentenced defendant to the same sentence previously imposed, with the exception of the prior prison term enhancements, which were stricken.

Defendant was sentenced as follows: on count 1, to a term of life without the possibility of parole, plus an additional term of 25 years to life for the firearm enhancement; on count 2, to a consecutive term of 15 years to life, plus an additional term of 25 years to life for the firearm enhancement; on count 6, to a consecutive term of 15 years to life, plus an additional term of 25 years to life for the firearm enhancement, an additional three years for a great bodily injury enhancement, and an additional 20 years for a second firearm enhancement, with the final two terms stayed pursuant to California Rules of Court, rule 4.447; and on count 7, to a consecutive term of 15 years to life, plus an additional term of 25 years to life for the firearm enhancement, and an additional three years for a great bodily injury enhancement, with the final term being stayed pursuant to California Rules of Court, rule 4.447. In addition, defendant was

ordered to pay various fines, fees, and assessments, including a $300 restitution fine pursuant to section 1202.4, subdivision (b). On the remaining counts, the court imposed upper term determinate sentences. Sentence on these counts and the associated enhancements was stayed pursuant to section 654.

## DISCUSSION

The parties agree the result in this case is governed by our Supreme Court's recent decision in *People v. Lopez* (2025) 17 Cal.5th 388 (*Lopez*). There, the defendant was convicted of various offenses and enhancements, including gang enhancements (§ 186.22, subd. (b)(1)) and gang-related firearm enhancements (§ 12022.53, subds. (c)–(e)). (*Lopez*, at p. 393.) On appeal, the court modified the sentence, conditionally reversed, and remanded for the further sentencing, specifically for the trial court to consider whether to strike a prior serious felony enhancement (§ 667, subd. (a)(1)) or any of the firearm enhancements (§§ 12022.5, subd. (a), 12022.53, subd. (c)–(e)) pursuant to section 1385. (*Lopez*, at p. 393.) During the pendency of the resentencing proceedings, the Legislature enacted Assembly Bill No. 333. (*Lopez*, at p. 394.) However, the trial court declined to apply Assembly Bill No. 333 to the defendant's case on the ground the defendant's convictions were final. (*Ibid.*) In a second appeal, the Court of Appeal held the judgment was nonfinal for retroactivity purposes, but that the trial court had no jurisdiction to readjudicate the gang enhancements under the terms of the remittitur. (*Ibid.*) On review, our Supreme Court rejected the argument that a judgment can have final and nonfinal parts for retroactivity purposes. (*Id.* at p. 397.) "Thus, when any aspect of a case is on appeal from sentencing, the 'case' or 'prosecution' has not been reduced to final judgment for *Estrada* [retroactivity] purposes."[4] (*Ibid.*)

---

[4] *In re Estrada* (1965) 63 Cal.2d 740, 744–745, 747 provides that an ameliorative statute lessening punishment applies retroactively to nonfinal judgments, absent an express legislative declaration to the contrary. It is well-settled that Assembly Bill

8.

The instant case is unlike *Lopez* in that it does not involve resentencing following remand in a direct appeal, but rather resentencing pursuant to section 1172.75. Effective January 1, 2021, section 1172.75 (originally codified in § 1171.1) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a); see Sen. Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483), Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) Section 1172.75 also provides a process for recall of sentences rendered invalid by Senate Bill No. 483 and resentencing of affected defendants. (§ 1172.75, subd. (b).) Resentencing pursuant to section 1172.75 entitles a defendant to the application of any "changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) Defendant was entitled to recall and full resentencing pursuant to section 1172.75 because his original sentence included a now-invalid prior prison term enhancement. (§ 1172.75, subds. (a), (c), (d).) Pursuant to *Lopez*, recall of the sentence for full resentencing rendered defendant's entire judgment nonfinal and entitled defendant to the application Assembly Bill No. 333's ameliorative changes to section 186.22. (*Lopez*, *supra*, 17 Cal.5th at p. 397; accord, *Tran*, *supra*, 13 Cal.5th at pp. 1206–1207.)

Assembly Bill No. 333 "essentially adds new elements to the substantive offense and enhancements in section 186.22[.]" (*People v. E.H.* (2022) 75 Cal.App.5th 467, 479.) "Assembly Bill [No.] 333 made the following changes to the law on gang enhancements: First, it narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, *organized* association or group of three or more persons.' (§

_____

No. 333's changes to section 186.22 apply retroactively under *Estrada*. (*People v. Tran* (2022) 13 Cal.5th 1169, 1207 (*Tran*).)

9.

186.22, subd. (f), italics added.)  Second, whereas section 186.22, former subdivision (f) required only that a gang's members 'individually *or* collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill [No.] 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang.  (§ 186.22, subd. (f), italics added.)  Third, Assembly Bill [No.] 333 also narrowed the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense.  (§ 186.22, subd. (e)(1), (2).)  Fourth, Assembly Bill [No.] 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.'  (§ 186.22, subd. (g).)"  (*Tran*, *supra*, 13 Cal.5th at p. 1206.)  These changes also apply to the crime of active participation in a criminal street gang (see § 186.22, subd. (a) ["A person who actively participates in a *criminal street gang* with knowledge that its members engage in, or have engaged in, a *pattern of criminal gang activity*, and who willfully *promotes, furthers, or assists* in felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years."  (Italics added.)], and the gang-murder special circumstance (see § 190.2, subd. (a)(22) ["The defendant intentionally killed the victim while the defendant was an *active participant in a criminal street gang, as defined in subdivision (f) of Section 186.22*, and the murder was carried out to *further the activities of the criminal street gang*."  (Italics added.)]; see also *People v. Rojas* (2023) 15 Cal.5th 561, 565.)

The parties agree Assembly Bill No. 333's amendments to section 186.22 apply to defendant's case.  They also agree the matter should be remanded for the trial court to

determine, in the first instance, any effect the amendments have on the active participation conviction, gang enhancements, and gang special circumstance.[5]  Because the trial court should have conducted this inquiry when resentencing defendant, we will vacate the sentence and remand for further proceedings.  Defendant's remaining challenges to the sentence are moot in light of this disposition.  He may raise his arguments regarding section 1170, subdivision (b), section 1385, and section 1202.4 on remand, if he chooses.

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing, to include the trial court's consideration of the effect of Assembly Bill No. 333 on defendant's case.


DETJEN, J.

WE CONCUR:


LEVY, Acting P. J.


FRANSON, J.

---

[5] The record before us is inadequate to determine whether the gang-related conviction and allegations meet the more stringent requirements of section 186.22, as amended by Assembly Bill No. 333.  Neither party asks us to review the adequacy of the jury's findings and, in light of the record, we do not do so.